PIEKARSKI & BRELSFORD, P.C.
2633 E. Indian School Rd. Ste. 460
Phoenix AZ 85016
Phone: (602) 956-1161
Fax: (480) 247-4383
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JAMES C. BRYANT and KIMBERLY N. BRYANT,<br><br>          Debtor(s).<br><br>JAMES C. BRYANT and KIMBERLY N. BRYANT,<br><br>          Plaintiff.<br><br>v.<br><br>KEYBANK NATIONAL ASSOCIATION, its assignees and/or successors in interest,<br><br>          Defendants. | In Proceeding Under<br>Chapter 13<br><br>Case No.: 2:09-bk-16285-JMM<br><br>Adv. No.: 2:09-ap-01202-JMM<br><br>COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF A LIEN OR OTHER INTEREST IN PROPERTY |

    NOW COMES the Plaintiffs, JAMES C. BRYANT and KIMBERLY N. BRYANT, by and through counsel, to hereby state for their Complaint as follows:

I.

    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 11 U.S.C. § 506(a), 11 U.S.C. § 1322(b)(2) and Rule 7001 et seq. Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B) and 157(b)(2)(K).

II.

- 1 -

Plaintiffs reside in Maricopa County, Arizona and are the Debtors in the above captioned Chapter Thirteen proceeding.

III.

Defendant, KEYBANK NATIONAL ASSOCIATION., upon information and belief, is licensed to do, write and make residential mortgage loans in the state of Arizona.

IV.

Plaintiffs filed a voluntary Chapter 13 petition on July 14, 2009 in the District of Arizona, Case No. 2:09-bk-16285-JMM.

V.

Plaintiffs, at the time of the filing of their case, were the owners of certain real property located at 4222 E. Lewis Ave., Phoenix, AZ 85008 (the "Property") with a legal description as follows:

**Lot 134, Rancho Ventura Tract No. 5, according to Book 41 of Maps, page 13, records of Maricopa County, Arizona.**

VI.

The Plaintiffs believe that the Property is worth $140,000.00 based upon an appraisal dated June 5, 2009. A copy of the appraisal is attached hereto as Exhibit "A."

VII.

The Property is subject to a Deed of Trust in favor of beneficiary and lender, Decision One Mortgage Company, LLC, its successors and/or assignees, recorded with the Maricopa County, Arizona Recorder's Office on October 23, 2003. A copy of the Deed of Trust is attached hereto as Exhibit "B." Upon information and belief, the current holder of the rights under the Deed of Trust is US Bank National Association as Trustee for Credit Suisse First Boston MBS Heat 2004-1 (hereinafter "US Bank".) The payoff to US Bank for the Deed of Trust as of the date of relief was $140,594.46 per the proof of claim filed in the bankruptcy case. A copy of the proof of claim is attached hereto as Exhibit "C."

VIII.

The Property is also subject to a Deed of Trust in favor of beneficiary and lender, Patelco Credit Union, recorded with the Maricopa County, Arizona Recorder's Office on July 1, 2005. A copy of the Deed of Trust is attached hereto as Exhibit "D". The Deed of Trust is a junior lien to the rights of the Deed of Trust alleged in paragraph 7, above. The payoff for the Deed of Trust as of the date of relief was approximately $46,128.00.

## IX.

The Property is also subject to a Deed of Trust in favor of beneficiary and lender, Defendant, KeyBank National Association, recorded with the Maricopa County, Arizona Recorder's Office on September 30, 2004. A copy of the Deed of Trust is attached hereto as Exhibit "E". The Deed of Trust is a junior lien to the rights of the Deeds of Trust alleged in paragraph 7 and 8, above. The payoff to Defendant for the Deed of Trust as of the date of relief was approximately $28,088.79.

## X.

Plaintiff asserts that after applying the first and second Deed of Trust liens that there is no equity remaining for the Defendant's junior Deed of Trust lien to attach to.

| | |
|---|---|
| Appraised Value of the Property: | $140,000.00 |
| Less: First Mortgage Lien: | $140,594.46 |
| Less: Second Mortgage Lien: | $46,128.00 |
| Available Equity for Second Lien: | ($46,722.46) |

## XI.

Plaintiff asserts that pursuant to 11 U.S.C. § 506(a)(1) and 506(d), Defendant's claim is totally unsecured and its lien (Deed of Trust) upon the Debtor's real property is void.

**WHEREFORE**, Plaintiff prays that this Honorable Court find in favor of the Plaintiff and Order the following:

1. That there is insufficient equity for the Defendants' junior Deed of Trust lien to attach to;
2. That the Defendants' third mortgage note is totally unsecured;

3. That the Defendants' junior Deed of Trust lien for its third mortgage lien on the Property is void;

4. That the Order of this Court may be recorded and the same shall have the effect of voiding the lien on the public records; and

5. That Plaintiffs recover any additional relief that this Court deems justified and appropriate

**RESPECTFULLY** submitted this 16th day of September 2009 by:

                              PIEKARSKI & BRELSFORD, P.C.


                              By: /s/ Nathan J. Brelsford
                                   Nathan J. Brelsford
                                   Attorney for Debtor/Plaintiff